Minimum Mandatory __NO__
Rule 35/5K1.1 __NO__
Appeal Waiver __NO__
Other __NO__

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | INDICTMENT NO. 409-166 |
| | ) | |
| v. | ) | |
| | ) | |
| BENJAMIN SHEFTALL EICHHOLZ, | ) | |

## SUMMARY OF PLEA AGREEMENT

**DEFENSE COUNSEL**:

Michael Weinstock, Esq.
Charles J. Bowen, Esq.
Julie M. Wade, Esq.


**STATUTES CHARGED**:

Counts One through Thirty -18 U.S.C. § 664 - Embezzlement from Employee Pension Benefit Plans
Counts Thirty-one through Thirty-four–18 U.S.C. § 1957 - Money Laundering
Counts Thirty-five through Forty-four–18 U.S.C. § 1341 - Mail Fraud
Counts Forty-five through Fifty-four–18 U.S.C. § 1027 - False Statements and Concealment of Facts in Employee Benefit Plan Records or Reports
Count Fifty-five–18 U.S.C. § 1505 - Obstruction of Department of Labor Investigation
Counts Fifty-six through Seventy-seven–18 U.S.C. § 1001 - False Statements

**COUNT PLEADING TO**:

Count Fifty-five -18 U.S.C. § 1505 - Obstruction of Department of Labor Investigation




**MAXIMUM STATUTORY PENALTY:**

**Count Fifty-Five - 18 U.S.C. § 1505**
**Obstruction of Proceedings Before Departments, Agencies, and Committees**
Imprisonment for not more than five (5) years;
Fine of up to $250,000 (18 U.S.C. §3571);
Not more than three (3) years Supervised Release (18 U.S.C. 3583);
$100 special assessment.

**ELEMENTS OF THE OFFENSE:**

**First:**      That there was a proceeding pending before a department or agency of the United States;

**Second:**     That the Defendant was aware of the pending proceeding; and

**Third:**      That the Defendant intentionally endeavored corruptly to influence, obstruct, or impede the pending proceeding.

**SUMMARY OF GOVERNMENT'S PROMISES:**

- To recommend a reduction for acceptance of responsibility, provided the defendant truthfully admits the conduct comprising the offense of conviction, has fully complied with the terms of pretrial release, if applicable, has not engaged in any criminal conduct subsequent to arrest or initial appearance in this matter, and truthfully admits or does not falsely deny any additional relevant conduct for which the defendant is accountable under U.S.S.G. § 1B1.3;
- To agree to recommend that any information the defendant provides to the government concerning his unlawful activities, not known to the government from other sources, in accordance with § 1B1.8, should not be used against the defendant, nor should it be used in determining the applicable guideline range;
- To agree to dismiss the remaining counts of the indictment as to this defendant at the time of sentencing;
- Subject to the provisions of paragraph four (4) of this Plea Agreement, to agree to recommend that the Court not apply an enhancement under the advisory guidelines for an abuse of position of trust under U.S.S.G. § 3B1.3, and to recommend that the Court not apply an enhancement under U.S.S.G. §2J1.2(b)(3).
- Subject to the provisions of paragraph four (4) of this Plea Agreement, to agree to take no position on the *applicability* of an enhancement under U.S.S.G. §2J1.2(b)(2);
- To agree to recommend restitution by the Court for losses to participants in the Plans, not to include restitution to Defendant or Defendant's mother, identified

- here by the initials H.E.; and,
- To agree to recommend a sentence within the advisory guideline range as found by the Court.

## SUMMARY OF DEFENDANT'S PROMISES:

- To plead guilty to Count Fifty-five (55) of the Indictment;
- To acknowledge at the time of the plea the truth of the "Factual Basis" contained in the plea agreement;
- To consent to the FOIA waiver described hereafter;
- In accordance with 18 U.S.C. § 3663(a)(3), the Defendant knowingly and voluntarily consents and agrees to the entry of an order of restitution by the Court for losses to identifiable victims relating to Indictment No. 409-166, not to include restitution to Defendant or Defendant's mother, identified here by the initials H.E.; and
- To pay on the date of sentencing any assessments imposed by the Court.

**Minimum Mandatory** NO<br>
**Rule 35/5K1.1** NO<br>
**Appeal Waiver** NO<br>
**Other** NO

## UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | INDICTMENT NO. 409-166 |
| ) | |
| v. ) | |
| ) | |
| BENJAMIN SHEFTALL EICHHOLZ, ) | |

### PLEA AGREEMENT

Edward J. Tarver, United States Attorney, by and through the undersigned Assistant United States Attorneys, and Michael Weinstock, Esq., Charles J. Bowen, Esq., and Julie M. Wade, Esq., attorneys for the defendant, pursuant to the provisions of Fed. R. Crim. P. 11, as amended, have, with the authorization of the undersigned defendant, heretofore entered into discussions with a view toward reaching a pretrial conclusion of the charges pending in the Indictment styled above, and a plea agreement has been reached by said parties in the following respects:

1. **GOVERNMENT'S OBLIGATIONS UNDER THIS AGREEMENT**

Upon the defendant's entry of a plea of guilty to Count Fifty-five (55) of the Indictment, his full compliance with all promises made hereinafter as a part of this agreement, and his adherence to all representations and understandings recited hereinafter, the attorney for the government will do the following:

    A.    Recommend a reduction for acceptance of responsibility, provided the



defendant truthfully admits the conduct comprising the offense of conviction, has fully complied with the terms of pretrial release, if applicable, has not engaged in any criminal conduct subsequent to arrest or initial appearance in this matter, and truthfully admits or does not falsely deny any additional relevant conduct for which the defendant is accountable under U.S.S.G. § 1B1.3.

B. Agree to recommend that any information the defendant provides to the government concerning his unlawful activities, not known to the government from other sources, in accordance with § 1B1.8, should not be used against the defendant, nor should it be used in determining the applicable guideline range.

C. Agree to dismiss the remaining counts of the indictment as to this defendant at the time of sentencing.

D. Subject to the provisions of paragraph four (4) of this Plea Agreement, agree to recommend that the Court not apply an enhancement under the advisory guidelines for an abuse of position of trust under U.S.S.G. § 3B1.3, and to recommend that the Court not apply an enhancement under U.S.S.G. §2J1.2(b)(3).

E. Subject to the provisions of paragraph four (4) of this Plea Agreement, agree to take no position on the applicability of an enhancement under U.S.S.G. §2J1.2(b)(2).

F. Agree to recommend restitution by the Court for losses to participants in the Plans, not to include restitution to Defendant or Defendant's mother, identified here by the initials H.E.

G. Agree to recommend a sentence within the advisory guidelines range as found by the Court.

2

2. **DEFENDANT'S REPRESENTATIONS TO THE COURT AND FURTHER OBLIGATIONS UNDER THIS AGREEMENT**

The obligations of the defendant under this agreement are as follows:

A. The defendant is required to **plead guilty** to Count Fifty-five (55) of the Indictment.

B. The defendant will acknowledge at the time of the plea of guilty the truth of the facts set forth in paragraph 3 herein.

C. The defendant agrees to pay the mandatory special assessment of $100 to the U.S. District Court Clerk at or before sentencing.

D. Consent to the FOIA waivers described hereafter.

E. In accordance with 18 U.S.C. § 3663(a)(3), the Defendant knowingly and voluntarily consents and agrees to the entry of an order of restitution by the Court for losses to identifiable victims relating to Indictment No. 409-166, not to include restitution to Defendant or Defendant's mother, identified here by the initials H.E.

3. **FACTUAL BASIS**

The defendant understands that Count Fifty-five (55) of the Indictment charges that:

A. In or about February 2007, the Department of Labor, Employee Benefits Security Administration ("DOL") initiated an investigation of Defendant **BENJAMIN SHEFTALL EICHHOLZ** and the Retirement Plan.

B. It was material to the DOL investigation to determine, among other things, whether Defendant **BENJAMIN SHEFTALL EICHHOLZ**, as the plan administrator, sole trustee, and sole fiduciary, was unlawfully dealing in the assets of the Retirement Plan for his own interest or for his own account, whether and who was receiving loans from the Retirement

3



Plan, specific details about loans to the non-participants, documentary evidence, such as loan agreements, for the loans to non-participants, and the nature and value of other investments made by Defendant **BENJAMIN SHEFTALL EICHHOLZ** for the benefit of the Retirement Plan.

C.   In or about March 2007, as part of the DOL official investigation, the DOL made formal inquiries of Defendant **BENJAMIN SHEFTALL EICHHOLZ** about the Retirement Plan, its assets, investments, and liabilities, including the aforementioned details about loans to non-participants from the Retirement Plan, and requested, among other things, that Defendant **BENJAMIN SHEFTALL EICHHOLZ** submit to interviews by the DOL.

D.   By no later than July 2007, the scope of the DOL investigation expanded to include the Pension Plan, and whether, in addition to his dealings with the Retirement Plan, Defendant **BENJAMIN SHEFTALL EICHHOLZ**, as the plan administrator, sole trustee, and sole fiduciary, was also dealing in the assets of the Pension Plan for his own interest or for his own account, the identity of the non-participants receiving loans from the Pension Plan, specific details about the loans to the non-participants, documentary evidence, such as loan agreements, for the loans to non-participants, and the nature and value of other investments made by Defendant **BENJAMIN SHEFTALL EICHHOLZ** for the benefit of the Pension Plan.

E.   On or about January 8, 2008, as part of the DOL official investigation, Defendant **BENJAMIN SHEFTALL EICHHOLZ** was interviewed again by an investigator with the DOL. During the course of this interview, Defendant **BENJAMIN SHEFTALL EICHHOLZ** made a materially false and misleading statement about the Plans' assets, investments, and liabilities, including purported loans to non-participants.

F.   During the course of the interview with an investigator from the DOL, the



4

investigator asked about, among other things, Defendant **BENJAMIN SHEFTALL EICHHOLZ**'s ownership interest in Delta Building Systems, a company that received substantial loans from the Plans, in order to determine whether Defendant **BENJAMIN SHEFTALL EICHHOLZ** was dealing with the assets of the Plans for his own interest or account by loaning money to Delta Building Systems.

G. In response to questioning about Defendant **BENJAMIN SHEFTALL EICHHOLZ's** interest in Delta Building Systems, and in order to obstruct, influence and impede the DOL investigation, Defendant **BENJAMIN SHEFTALL EICHHOLZ** falsely stated that he was not a shareholder in Delta Building Systems, when in truth and in fact and as defendant then well knew, defendant owned 100% of the stock in Delta.

H. From in or about February 2007 and continuing through October 2008, both dates being approximate and inclusive, within the Southern District of Georgia, and elsewhere, the defendant herein,

**BENJAMIN SHEFTALL EICHHOLZ,**

aided and abetted by others known and unknown to the Grand Jury, did knowingly and corruptly influence, obstruct and impede, and endeavor to influence, obstruct and impede, in whole or in part, a proceeding that he knew was then pending before any department or agency of the United States of America, that is, the official investigation being conducted by the United States Department of Labor (DOL) into Defendant **BENJAMIN SHEFTALL EICHHOLZ** and the Plans.

I. All done in violation of Title 18, United States Code, Sections 1505, and Defendant **BENJAMIN SHEFTALL EICHHOLZ**'s guilty plea constitutes proof as to this




Count.

4. The defendant understands and agrees that nothing in this agreement shall abrogate the duty and right of the government to bring all sentencing facts to the attention of the sentencing court, and the defendant further agrees that the government shall not be bound to make any recommendation under this agreement if to do so would directly contradict facts relevant to the offense conduct or the defendant's prior conduct or criminal history, which first come to the attention of the government, or are confirmed as true, only after the signing of this agreement.

5. The defendant understands that the Court is not a party to this agreement, that the government can only make recommendations which are not binding on the Court, and that after the entry of the defendant's guilty plea, the defendant has no absolute right to withdraw the plea. Thus, the Court is free to impose any sentence authorized by law up to the statutory maximum sentence.

6. The defendant further advises the Court that the defendant understands that the United States Probation Office will prepare a presentence investigation report for the Court, and that the United States Probation Office will consider <u>all</u> of defendant's conduct related to the offense to which he is pleading, which may include conduct related to Counts of the Indictment which were or are to be dismissed or for which the defendant was acquitted, as well as the defendant's criminal history, and that these facts will be considered by the Court in determining the defendant's sentence. The defendant also understands that in accordance with <u>United States v. Booker</u>, the district court, while not bound to apply the federal sentencing guidelines, must consult those guidelines and take them into account to formulate a reasonable sentence. The



6

defendant understands that the offense level and criminal history category determined by the United States Probation Office and the Court may differ from that estimated or projected by defendant's counsel or the United States Attorney.

7. **FINES & ASSESSMENTS**

The defendant understands that any assessments imposed pursuant to 18 U.S.C. § 3013 by the Court at sentencing must be paid on the date of sentencing.

The defendant understands that if a fine or restitution is imposed by the Court at sentencing, or if the United States is pursuing the forfeiture of any property in which the defendant has an interest, whether by administrative, civil, or judicial proceeding, the defendant shall meet with a member of the Debt Collection Unit of the United States Attorney's Office on the day of sentencing and complete a written personal financial statement setting forth the defendant's assets and liabilities. The defendant further understands that by completing the financial statement, the defendant is representing that it is true and accurate to the best of the defendant's information, knowledge, and belief and agrees to make an honest, good faith effort to pay said fine as directed by the financial litigation section of the United States Attorney's Office.

8. **FOIA AND PRIVACY ACT WAIVER**

The defendant retains all discovery rights to documents pertaining to the investigation and prosecution of this case as may by law apply to any post-conviction litigation as to which the right to proceed has not otherwise been waived or relinquished by the defendant in this agreement or otherwise; HOWEVER, notwithstanding any right on the part of the defendant to post-conviction litigation, the defendant, as a part of this agreement and in consideration of the promises by made the government hereunder, waives all rights, whether asserted directly or by a

7

representative, to request or receive from any department or agency of the United States any record pertaining to the investigation or prosecution of this case under the authority of the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, and all subsequent amendments thereto.

9. **DEFENDANT'S FURTHER REPRESENTATIONS TO THE COURT**

A. The defendant represents to the Court that the defendant has had the services of an attorney the defendant believes to be competent; that the defendant has met with said attorney on a sufficient number of occasions and for a sufficient period of time to discuss the defendant's case and receive advice; that the defendant has been truthful with his attorney and related all information of which the defendant is aware pertaining to the case; that the defendant and defendant's attorney have discussed possible defenses, if any, to the charges in the indictment, including the existence of any exculpatory or favorable evidence or witnesses, discussed the defendant's right to a public trial by jury or by the Court, the right to the assistance of counsel throughout the proceedings, the right to call witnesses in the defendant's behalf and compel their attendance at trial by subpoena, the right to confront and cross-examine the government's witnesses, the defendant's right to testify in the defendant's own behalf, or to remain silent and have no adverse inferences drawn from the defendant's silence; and that the defendant, with the advice of counsel, has weighed the relative benefits of a trial by jury or by the Court versus a plea of guilty pursuant to this Agreement, and has entered this Agreement as a matter of the defendant's free and voluntary choice, and not as a result of pressure or intimidation by any person.

B. The defendant further represents to the Court that the plea agreement as set forth



8

herein and the plea to be entered by the defendant is the result of prior discussions between the attorney for the government and the attorney for the defendant, conducted with the defendant's authorization, knowledge and consent; that this plea agreement contains the entire agreement and understanding between the government and the defendant; and that the defendant has no other agreements, understandings, or deals with any person other than those set out in this plea agreement, that is, the defendant advises the Court that the defendant's entire understanding of this Plea Agreement is completely set forth in writing in this document.

    C.    The defendant represents to the Court that the defendant has been advised of the nature of the charge to which the plea of guilty is to be offered, of the maximum possible penalties provided by law, as set forth above, and that by entering a plea of guilty the defendant gives up all of the rights set out above, gives up any defenses to the charge, and understands that there will not be a further trial of any kind. The defendant further understands that in entering plea of guilty, the Court will ask questions about the offense to which the plea is entered. The defendant understands that the defendant will be under oath and on the record in answering those questions, and that the defendant's answers may later be used against the defendant in a criminal prosecution for perjury or false statement if those answers are not truthful.

This 22nd day of December 2009.

    EDWARD J. TARVER
    UNITED STATES ATTORNEY

    James D. Durham
    Chief, Criminal Division

    Brian T. Rafferty
    Assistant United States Attorney

I have read the foregoing Plea Agreement, consisting of 10 pages, including this one, understand the same, and the matters and facts set forth therein accurately and correctly state the representations that have been made to me and accurately set forth the terms and conditions of the Plea Agreement that has been reached by my attorney on my behalf and with my permission.

_____
BENJAMIN SHEFTALL EICHHOLZ
Defendant

_____
Michael Weinstock, Esq.
Attorney for the Defendant

_____
Charles J. Bowen, Esq.
Attorney for the Defendant

_____
Julie M. Wade, Esq.
Attorney for the Defendant

__12-21-09__
Date

10

## ORDER

The aforesaid Plea Agreement, having been considered by the Court in conjunction with the interrogation by the Court of the defendant and the defendant's attorney at a hearing on the defendant's motion to change his plea and the Court finding that the plea of guilty is made freely, voluntarily and knowingly, it is thereupon,

ORDERED that the plea of guilty by defendant be, and it is, hereby accepted and the foregoing Plea Agreement be, and it is, hereby ratified and confirmed.

This 29th day of MARCH 2010.

_____
JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA